BOESSNECK et al. v. EDELSON et al.

(Supreme Court, Appellate Division, First Department. May 5, 1899.)

1. FRAUDULENT CONVEYANCES—EVIDENCE.

As security for a loan, a debtor executed a power of attorney authorizing the creditor to collect the rents from certain premises owned by him, and to apply them on the debt. After the creditor had taken possession of the premises and collected the rents thereof, the debtor conveyed the premises to her, the deed reciting a consideration of the same amount as that secured by power of attorney, and the grantee agreed to pay the grantor any excess over a certain sum of the proceeds of a sale of the premises. Held, that the conveyance was fraudulent as against other creditors.

2. SAME—ACTION TO SET ASIDE—ACCOUNTING BY GRANTEE.

Where the grantee of premises transferred in fraud of creditors has collected the rents thereof and applied them in payment of a bona fide

·claim due her from the grantor, under an agreement made prior to the fraudulent transfer and unconnected therewith, it is error, on annulling the conveyance at the instance of other creditors, to compel her to account for rents and to appoint a receiver for the property.

Appeal from special term, New York county.

Action by Hugo Boessneck and others against Charles Edelson and another. There was a judgment for plaintiffs, and defendants appeal. Modified and affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Herman Aaron, for appellants.

Jesse E. Epstein, for respondents.

INGRAHAM, J. The action was brought to set aside a deed executed by the defendant Edelson to the defendant Sarah Jacobs, as made with intent to hinder, delay, and defraud creditors. The property in question appears to have belonged to Solomon Jacobs, the husband of the defendant Sarah Jacobs, and to have been conveyed to the defendant Edelson by deed dated October 31, 1895. At the time of this conveyance, the defendant Sarah Jacobs loaned Edelson the sum of $1,854.21, and, to secure the repayment of that loan, Edelson executed a power of attorney under which the defendant Sarah Jacobs was authorized to collect the rents and profits derived from the premises conveyed "until there shall have been collected and received by her the full sum of eighteen hundred and fifty-four $^{31}/_{100}$ dollars, which said amount has been advanced to me by the said Sarah Jacobs." This transaction the plaintiffs do not seek to avoid. Under this power of attorney, the appellant Sarah Jacobs appears to have entered into possession of the premises and collected the rents. The amount collected, however, was not proved upon the trial; the defendant Edelson, called by the plaintiffs, testifying that he had no knowledge as to the amount of rents collected. Subsequently, and on December 10, 1895, Edelson ·conveyed the property to the defendant Sarah Jacobs, the consideration expressed in the deed being $1,854.21. And it is this conveyance that the judgment appealed from declares to be void as against the plaintiffs, the creditors of Edelson.

From the testimony, it is entirely clear that this conveyance was made without consideration and with the intent to place the property out of the hands of the judgment debtor. At the time of the execution and delivery of this deed, Solomon Jacobs, the husband of the defendant Sarah Jacobs, and who was acting for her, executed an instrument reciting this conveyance and agreeing that the said Sarah Jacobs should pay over to Edelson the net amount of money which she should realize from the sale of the premises over and above the sum of $38,375; the property being subject to two mortgages amounting, in the aggregate, to $31,375, and interest thereon. It is quite clear that this conveyance was fraudulent as to creditors, having been made without consideration, to enable the property to be held for the benefit of the judgment debtor; and the judgment setting aside the conveyance and allowing the

plaintiffs to issue execution upon their judgments against Edelson, and subjecting the property to the lien of their judgments, should be affirmed.

This transaction, however, did not affect the right of the defendant Sarah Jacobs to retain possession of the property under her power of attorney until she had collected sufficient to satisfy the amount of the loan which she had made to Edelson. The judgment, after setting aside the deed, appoints a receiver of the property of the judgment debtor, authorizing him to collect and receive the rents and profits and income realized from the property conveyed by said deed, and requires the defendant Sarah Jacobs to account to the receiver for all rents and profits received by her since December 10, 1895, the date of the deed; and a referee was appointed to settle the accounts of the defendant Sarah Jacobs, and to determine and report what property and money should be charged against her under the decree. We do not think that the defendant Sarah Jacobs could be held accountable for the rents and profits received by her in this action. It was testified to upon the trial that, after this power of attorney was given, the defendant Edelson authorized Sarah Jacobs to pay the taxes and interest upon the mortgages that were liens upon the property and the necessary repairs to buildings out of the said rents and profits as the same were collected; and this testimony was not contradicted. There is nothing to show that this loan of Sarah Jacobs was not made in good faith; and her right to collect the rents and profits having been given as security for the repayment of the loan, as a part of a transaction not impeached, no reason appears why that power of attorney is not valid, and why, under it, the defendant Sarah Jacobs should not be allowed to collect the rents and profits of the property until the amount of her loan is paid.

We think, therefore, that the judgment should be modified by adding to the second clause of the judgment the following: "As though said conveyance had never been made, and without prejudice to the right of the defendant Sarah Jacobs under the power of attorney or instrument in writing executed by Charles Edelson to Sarah Jacobs, dated October 31, 1895;" that the third, fourth, and fifth clauses of the said judgment should be stricken out; and that the judgment as so modified should be affirmed, without costs to either party on this appeal. All concur.